UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tiwanda Lovelace, | Civil No. 23-3386 (DWF/ECW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Ameriprise Financial, Inc., | |
| Defendant. | |

**INTRODUCTION**

This matter is before the Court on Defendant Ameriprise Financial's motion to dismiss. (Doc. No. 10.) *Pro se* Plaintiff Tiwanda Lovelace opposes the motion (Doc. Nos. 17, 24) and also moves to amend her complaint (Doc. No. 26).[1] For the reasons set forth below, the Court grants Ameriprise's motion to dismiss and grants in part and denies in part Lovelace's motion to amend.

**BACKGROUND**

Lovelace brings this action against her former employer, Ameriprise, alleging that Ameriprise discriminated against her and terminated her employment due to her race, color, sex, age, and disability. (Doc. No. 1 ("Compl.").) Lovelace filed a charge with the Nevada Equal Rights Commission that was cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). (Doc. No. 1-4 at 2.) On February 3, 2023, the

---

[1] In addition, Lovelace moves to change venue to Minnesota. (Doc. No. 3.) Because this case is already in the District of Minnesota, the Court denies this motion as moot.

EEOC decided to not proceed further and issued Lovelace a notice of right to sue. (*Id.* at 7.) Lovelace received the notice on February 10. (Doc. No. 1-1 at 1.) On May 4, 2023, Lovelace filed a complaint in the District of Utah. (Doc. No. 1-2 at 7.) The court dismissed the action without prejudice for lack of personal jurisdiction. (*Id.* at 29.) On November 3, 2023, Lovelace filed this action against Ameriprise. (Compl.) Ameriprise now moves to dismiss the action, arguing that the claims are time-barred. (Doc. No. 10.)

Separately, Lovelace moves to amend her complaint and add claims under the Family and Medical Leave Act ("FMLA"), 42 U.S.C. § 1981, the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). (Doc. No. 26.) Ameriprise opposes the motion. (Doc. No. 28.)

## DISCUSSION

### I. Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed

factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555.

In addition, the Court notes that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Even so, a *pro se* complaint must allege facts, and not just bare, unsupported, legal conclusions. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Ameriprise argues that Lovelace's complaint should be dismissed as untimely. Title VII prohibits employers from discriminating against an employee based on the individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The EEOC enforces Title VII. 42 U.S.C. § 2000e-5(a). Before filing an action under Title VII in federal court, a plaintiff must first exhaust her administrative remedies. *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996). "To exhaust her remedies, a Title VII plaintiff must timely file her charges with the EEOC and receive, from the EEOC, a 'right to sue' letter." *Id.*; 42 U.S.C. § 2000e-5(b), (c), (e).

Once a person receives the right-to-sue letter, they have 90 days to file a lawsuit against their employer. 42 U.S.C. § 2000e-5(f)(1). A lawsuit filed after the 90-day window must be dismissed as untimely. *Brinkman v. Nasseff Mech. Contractors Inc.*, 251 F. Supp. 3d 1266, 1271 (D. Minn. 2017). The fact that a lawsuit was timely filed "based on the same EEOC charge of discrimination" but then dismissed without prejudice "does not toll the 90-day statute of limitations." *Strickland v. Sun Country Airlines*, No. 17-cv-5072, 2018 WL 7050675, at *4 (D. Minn. Dec. 21, 2018), *report and recommendation adopted*, 2019 WL 235647 (D. Minn. Jan. 16, 2019). "A dismissal

3

without prejudice does not toll a statute of limitation" because when a court dismisses an action without prejudice, "it is as if no suit had ever been filed." *Garfield v. J.C. Nichols Real Est.*, 57 F.3d 662, 666 (8th Cir. 1995).

Lovelace received the notice of right to sue on February 10, 2023, so she had until May 11, 2023, to file an action. Her action in the District of Utah did not toll the statute of limitations, as the case was dismissed without prejudice. Because Lovelace filed this action after the May 11 deadline, the action is untimely.

Lovelace argues that the statute of limitations should be equitably tolled for two reasons. First, she asserts that Ameriprise misrepresented facts and deceived the court when arguing that the court in the District of Utah lacked personal jurisdiction. And second, Lovelace argues that Ameriprise's discrimination during her employment and conduct throughout litigation has caused her extreme emotional and financial harm that has made it nearly impossible for her to litigate this matter.

As to Lovelace's first argument, the Court will not review the decision of the court in the Utah action. Arguments related to that court's decision do not justify equitable tolling here. Lovelace has also not demonstrated an extraordinary circumstance that would warrant equitable tolling in this case. General assertions about mental and physical health are usually not enough to justify equitable tolling. *See Strickland*, 2018 WL 7050675, at *4 ("Though the Court is sympathetic to Strickland's situation, a person cannot typically invoke the equitable tolling doctrine based on a claim that poor health prevented her from pursuing her lawsuit."). The Court does not find a basis to equitably toll the statute of limitations here.

4

In addition, Lovelace asserts a claim of sex discrimination in her complaint. In order to pursue a Title VII claim, a plaintiff must exhaust her administrative remedies and to do so a plaintiff's charge must "be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim." *Humphries v. Pulaski Cnty. Special Sch. Dist.*, 580 F.3d 688, 697 (8th Cir. 2009) (internal quotations and citation omitted). Administrative complaints are interpreted liberally. *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988). "The allegations in a subsequently filed lawsuit must relate to the same conduct and individuals as charged with the EEOC; put another way, the civil claim must grow out of or be reasonably related to the administrative charge." *Catlin v. Wal-Mart Stores, Inc.*, 123 F. Supp. 3d 1123, 1133 (D. Minn. 2015) (internal quotations and citation omitted). Because Lovelace did not assert any facts related to sex discrimination in her charge with the EEOC, the Court dismisses this claim for failure to exhaust remedies.

For these reasons, the Court concludes that Lovelace's claims against Ameriprise under Title VII related to age, race, and disability discrimination, harassment, and retaliation are time barred and her claim of sex discrimination is dismissed for failure to exhaust remedies.

## II.    Motion to Amend

Lovelace also moves to amend her complaint to add claims under the FMLA and 42 U.S.C. § 1981.[2] Because more than 21 days have passed since Ameriprise served its

---

[2]    Claims under the FMLA and § 1981 are governed by separate statutes of limitations, and there is no requirement to exhaust remedies. 29 U.S.C. § 2617(c)(1);

5

motion to dismiss, Lovelace can only amend her pleadings "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The Court may deny a motion to amend when there is undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the non-moving party, or futility of the amendment. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir.2008).

Ameriprise argues that the Court should deny Lovelace's motion to amend because Lovelace fails to allege facts to support plausible claims under the FMLA or § 1981.[3]

### A. Section 1981 Claims

Lovelace moves to amend her Complaint to add claims of race discrimination and retaliation under § 1981. (*See* Doc. No. 27-4 ("Am. Compl.").) Section 1981 provides that all persons have the right to "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)-(b). To bring a claim under § 1981, a plaintiff "must identify injuries flowing from a racially motivated breach of their own contractual relationship." *Domino's Pizza v. McDonald*, 546 U.S. 470, 480 (2006).

---

*Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-82 (2004); *Winbush v. State of Iowa by Glenwood State Hosp.*, 66 F.3d 1471, 1486 (8th Cir. 1995); *Cruz-Packer v. District of Columbia*, 539 F. Supp. 2d 181, 190 (D.C. Cir. 2008).

[3]  Lovelace additionally adds claims under the ADA and ADEA. (Doc. No. 27-4.) Under both the ADA and ADEA, a person must bring claims within 90 days of receipt of the right-to-sue letter, so these claims are similarly untimely. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e).

### 1. Race Discrimination

"A plaintiff may prove unlawful racial discrimination through either direct or circumstantial evidence." *Lucke v. Solsvig*, 912 F.3d 1084, 1087 (8th Cir. 2019). Lovelace's allegations relate only to circumstantial evidence of discrimination so Lovelace must proceed under the framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Lucke*, 912 F.3d at 1087-88 (noting that the *McDonnell Douglas* burden-shifting framework is applied for § 1981 claims).

To establish a prima facie case, Lovelace must show (1) that she is a member of a protected class; (2) she met Ameriprise's legitimate expectations; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination ("for example, similarly situated employees outside the protected class were treated differently"). *Lake v. Yellow Transp., Inc.*, 596 F.3d 871, 874 (8th Cir. 2010). At the pleadings stage, "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016).

Ameriprise argues that Lovelace's "race discrimination claim does not give plausible support to the prima facie requirements." (Doc. No. 28 at 15.) The basis of Lovelace's claim is that she received an email in October 2020 with a subject line that she believed was inappropriate and that made her feel uncomfortable. (Am. Compl. ¶ 13.) These facts, however, do not plausibly show a connection between the October 2020 email and Lovelace's termination in March 2022. Ameriprise cites to *Kipp v. Missouri Highway & Transportation Commission*, where the court found that a two-

7

month gap between the complaint and termination "so dilutes any inference of causation that we are constrained to hold as a matter of law that the temporal connection could not justify a finding in Ms. Kipp's favor on the matter of causal link." 280 F.3d 893, 897 (8th Cir. 2002). Similarly, the Court concludes the seventeen-month gap between the email and termination is too attenuated to support an inference of causation.

Lovelace also asserts that she was treated disrespectfully in the office "on a regular basis because she is a black woman." (Am. Compl. ¶ 36.) Lovelace's assertions are merely conclusory as she does not allege any specific conduct or action taken by Ameriprise of either direct racial discrimination or from which the Court could infer discrimination. Because an amendment to include a race discrimination claim under § 1981 would be futile, the Court denies Lovelace's motion with respect to that claim.

### 2. Retaliation

In addition, Lovelace alleges retaliation based on her race. To establish a claim of retaliation, Lovelace must allege "(1) protected activity, (2) subsequent adverse employment action, and (3) a causal relationship between the two." *Onyiah v. St. Cloud State Univ.*, 5 F.4th 926, 930 (8th Cir. 2021).

Lovelace alleges that she complained of race discrimination multiple times around March 2022. (Am. Compl. ¶¶ 35-37.) She alleges that her complaints were ignored. (*Id.* ¶ 37.) That same month, Lovelace was terminated. (*Id.* ¶ 44.) While Ameriprise asserts that these allegations are conclusory, the Court disagrees. As the Eighth Circuit concluded in *Wilson v. Arkansas Department of Human Services*, 850 F.3d 368, 373 (8th Cir. 2017), it is enough at the pleadings stage for a plaintiff to allege that they

8

"complained about discrimination based on race" and were "ultimately terminated." *Id.* Moreover, the time gap here is relatively short. Lovelace alleges that she was terminated within days or weeks of the alleged protected activity. *See id.* (concluding that a "six-week period between the EEOC charge and the termination plausibly alleges a but-for causal connection").

Nor is there an "obvious alternative" for the alleged conduct that would "render [Lovelace's] complaint implausible." *Id.* Ameriprise asserts that the reason for Lovelace's termination is because she decided not to return to work. While that may be the case, Lovelace asserts that she did not return to work because of "bullying and harassment." (Doc. No. 1-4 at 57.) "[F]erreting out the most likely reason for the defendants' actions is not appropriate at the pleadings stage." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 946 (8th Cir. 2015). Lovelace's proposed amended complaint alleges enough facts to sufficiently support a claim of retaliation under § 1981. For that reason, the Court will allow Lovelace to amend with respect to that claim.

### 3. Failure to Promote

In addition, Lovelace seeks to add a claim that she was passed over by a white coworker for a promotion. A failure-to-promote claim under § 1981 is similarly analyzed under the *McDonnell Douglas* framework. Plaintiff will eventually have to demonstrate that she (1) "is a member of a protected group"; (2) "was qualified and applied for a promotion to an available position"; (3) "was rejected"; and (4) "similarly situated employees, not part of the protected group, were promoted instead." *Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 937 (8th Cir. 2007).

Lovelace alleges that she "was passed over for promotion by a white coworker who had no education or call center experience, while Plaintiff had over 30 years of call center experience." (Am. Compl. ¶ 12.) While the Court agrees that it is unclear when this occurred, the Court can infer that this happened sometime between when Lovelace started her job with Ameriprise in March 2020 and when she was fired in March 2022. Moreover, the Court can infer that when Lovelace alleges that she was "passed over for promotion," that means she applied for the position. At this stage, Lovelace has alleged enough to plead a claim of failure-to-promote under Section 1981; however, for Lovelace's claim to be successful, she will have to establish a prima facia case, meaning that Lovelace will have to provide evidence that she was qualified for the position and applied for the position, among the other factors. For now, the Court will allow Lovelace to amend her complaint to assert this claim.

B.  **FMLA Claims**

Lovelace also seeks to amend her Complaint to add a claim under the FMLA. "The FMLA provides job security to employees who must miss work because of their own illnesses, to care for family members, or to care for new babies." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006); 29 U.S.C. § 2612a(a)(1)(A)-(D). The Eighth Circuit has recognized three types of claims under the FMLA. The first type "occurs where an employer refuses to authorize leave under the FMLA or takes other action to avoid responsibilities under the Act." *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005 (8th Cir. 2012). The second type of claim "is analogous to retaliation claims that are familiar under Title VII and other federal antidiscrimination

statutes." *Id.* "If an employee opposes any practice made unlawful under the FMLA . . . then the employer may not for that reason take adverse action against the employee who is engaged in the opposition." *Id.* at 1006. And lastly, the third type of claim "arises when an employer takes adverse action against an employee because the employee exercises rights to which [s]he is entitled under the FMLA." *Id.* The third claim is similar to a discrimination claim. *Id.*

Lovelace asserts both discrimination and retaliation claims under the FMLA (the second and third type of claim). "To proceed with a discrimination claim, [Lovelace] must plausibly allege that [Ameriprise] took an adverse employment action against her because she exercised her FMLA rights." *Mell v. Minn. State Agric. Soc'y*, 557 F. Supp. 3d 902, 917 (D. Minn. 2021). Because Lovelace does not allege direct evidence of discrimination, "she will eventually need to establish the elements of a prima facie case: (1) that she was engaged in activity protected under the Act, (2) that she suffered a materially adverse employment action, and (3) that a causal connection existed between her action and the adverse employment action." *Id.* (internal quotations and citation omitted).

Lovelace alleges multiple adverse actions. First, she alleges that after taking leave under the FMLA from June 21, 2021 to June 30, 2021, and intermittent leave from June to October 2021, her supervisor "expressed disapproval of [Lovelace's] leave by commenting that she had been with the company 25 years without ever taking [] leave." (*Id.* ¶¶ 18-21.) This comment does not by itself constitute an adverse action as "[a]n adverse employment action requires a significant change in an employee's status, such as

11

termination, demotion, or reassignment with significantly different job responsibilities." *Id.* (internal quotations and citation omitted); *see also Kuklenski v. Medtronic USA, Inc.*, 635 F. Supp. 3d 726, 739 (D. Minn. 2022) (concluding that an isolated comment that the employee's leave caused a "hardship" was not enough establish a discrimination claim under the FMLA). Similarly, Lovelace's allegation that she was given "subpar and faulty equipment" and had to sit near her supervisor does not constitute an adverse employment action. (Am. Compl. ¶ 23.)

Lovelace also alleges that she was terminated for taking FMLA leave. Lovelace must allege a causal relationship between the use of FMLA leave and the termination. "The Eighth Circuit has said that, without something more, a gap of more than two months between the date the employer knew of the employee's planned use of FMLA leave and the adverse action is too long to show a causal connection between the two." *Mell*, 557 F. Supp. 3d at 917 (internal quotations and citation omitted). Lovelace alleges that she took FMLA leave June 21, 2021 to June 30, 2021, and intermittent leave from June to October 2021. There is a nine-month gap between Ameriprise's knowledge of Lovelace's use of FMLA leave (in June 2021) and her termination (in March 2022). This gap is too great to show a causal connection between the two. Lovelace cannot plausibly plead a claim of discrimination under the FMLA, and therefore Lovelace may not amend her complaint to assert such a claim.

Lovelace also alleges retaliation under the FMLA. "[T]o state a valid retaliation claim, the employer must engage in some practice that is believed to be unlawful under the FMLA, the employee must oppose that practice, and the employee must suffer an

12

adverse employment action which is causally connected to their opposition." *Filius v. Mo. Dep't of Corr.*, No. 21-cv-1483, 2022 WL 888138, at *5 (E.D. Mo. Mar. 25, 2022) (citing *Pulczinski*, 691 F.3d at 1006). Lovelace alleges that she believed Ameriprise was discriminating against her based on her prior leave, in violation of the FMLA. She then alleges that she reported this to Ameriprise and was fired within the same month. Moreover, Lovelace alleges that she "took medical leave" when she had COVID-19 and appears to assert that this leave should have been covered under the FMLA. (*See* Am. Compl. ¶ 31.) She alleges that Ameriprise "incorrectly took money from her paycheck." (*Id.*) She additionally alleges that her employment was terminated shortly after voicing her concerns. (*Id.* ¶¶ 39, 44.) At this time, that is enough to establish a claim of retaliation under the FMLA. The Court will therefore allow Lovelace to amend her Complaint to add this claim.

## CONCLUSION

For the reasons outlined above, the Court grants Ameriprise's motion to dismiss. The Court further grants Lovelace's motion to amend but only for claims of retaliation and failure to promote under Section 1981 and retaliation under the FMLA.

## ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Ameriprise's motion to dismiss (Doc. No. [10]) is **GRANTED.**
2. Lovelace's claims under Title VII are **DISMISSED WITH PREJUDICE.**
3. Lovelace's motion to change venue (Doc. No. [3]) is **DENIED AS MOOT.**

13

4.  Lovelace's motion to amend (Doc. No. [26]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.  Lovelace may amend her complaint to assert three claims against Ameriprise: (1) retaliation under § 1981; (2) failure to promote under § 1981; and (3) retaliation under the FMLA.

    b.  Lovelace may not include any additional claims in her amended complaint unless she seeks permission from the Court.

5.  By separate correspondence, the Court will again refer Lovelace to the *Pro Se* Project.

Dated: July 3, 2024                     s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge